## A00A0730. TELEDATA WORLD SERVICES, INC. v. TELE-MART, INC.
(531 SE2d 372)

PHIPPS, Judge.

Teledata World Services, Inc. brought this breach of contract action against Tele-Mart, Inc., seeking damages and other relief. Teledata appeals the trial court's grant of Tele-Mart's motion to dismiss for insufficiency of service of process.

Tele-Mart is a Nevada corporation authorized by the Secretary of State to transact business in Georgia.[1] Teledata attempted to serve the complaint and summons first at the Atlanta address for Tele-Mart's local registered agent for service of process and then at the New York City address of Tele-Mart's secretary/treasurer. After these attempts at service proved unsuccessful, Teledata argues that it then perfected service under the Georgia Long Arm Statute by delivering the summons and complaint to an unnamed individual at Tele-Mart's principal place of business in Staten Island, New York, and then forwarding process to the Staten Island address by registered mail accompanied by a return receipt. *Held*:

Georgia's Long Arm Statute may be used to serve nonresident defendants.[2] To be considered a "nonresident" under the Long Arm Statute, a corporation must be neither a Georgia corporation nor a foreign corporation authorized to do or transact business in Georgia.[3] Because Tele-Mart is authorized to transact business in Georgia, the Long Arm Statute is not applicable here.

If a foreign corporation authorized to transact business in this state has no registered agent or the agent cannot with reasonable diligence be served, the Georgia Business Corporation Code (OCGA § 14-2-504 (b)) states that the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office. Alternatively, the Civil Practice Act (OCGA § 9-11-4 (d) (1)) allows service on the president or other officer or agent, or on the Secretary of State if personal service on a corporate officer or agent cannot be had.

---

[1] See OCGA § 14-2-1501 (a).
[2] See OCGA § 9-10-90.
[3] Id.

Here, Teledata has not shown that the unnamed individual who was served at the Staten Island office was an authorized officer or agent of Tele-Mart. Therefore, the court was authorized to find that service was not perfected under the Civil Practice Act. And although Teledata argues that there is substantial evidence that the Staten Island office was Tele-Mart's principal place of business, its references to the record do not support that argument. Moreover, the purported service by registered mail was not addressed to the corporate secretary, either at the Staten Island or New York City office. Thus the court was authorized to find that service was not perfected under the Georgia Business Corporation Code either. Therefore, we affirm the court's grant of Tele-Mart's motion to dismiss. Remaining issues are moot.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000.

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp*, for appellant.

*Garland, Samuel & Loeb, Edward T. M. Garland, Robin N. Loeb, Sam L. Starks*, for appellee.